**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 26-cv-2744-WJM

LUIS ADAN BELTRAN OROZCO,

Petitioner,

v.

GEORGE VALDEZ, in his official capacity as
Acting Field Office Director of Enforcement and Removal Operations,
Denver Field Office, Immigration and Customs Enforcement, *et al*.

Respondents.

---

**ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES AND COSTS**

---

Before the Court is Petitioner Luis Adan Beltran Orozco's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("Motion"). (ECF No. 13.) Respondents George Valdez, in his official capacity as Acting Field Office Director of Enforcement and Removal Operations, Denver Field Office, Immigration and Customs Enforcement ("ICE"), *et al*. (collectively, "Respondents" or "the Government") did not file a response. Beltran Orozco filed a reply. (ECF No. 14.)

For the following reasons, the Court grants the Motion.

## I. BACKGROUND

In June 2026, Beltran Orozco filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging the legality of his detention under the Due Process Clause of the Fifth Amendment. (ECF No. 1.) The Court granted the Petition and ordered Beltran Orozco's immediate release from detention. (ECF No. 11 at 11–12.) By the same Order, the Court also granted Beltran Orozco leave to file a motion for attorney's

fees to the extent he believed he had a good faith basis to seek them under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (*Id.* at 12.) Shortly after final judgment entered in Beltran Orozco's favor, (ECF No. 12), he timely filed the Motion, seeking $4,825.98 in attorney's fees incurred litigating the Petition under the EAJA. (ECF No. 13.)

## II. ANALYSIS

### A. EAJA's Substantive Requisites

Under the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A); *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) (As used in the EAJA, "[t]he term 'any civil action' refers to civil actions of 'whatever kind,' " including "immigration habeas actions."). Said another way, a fee award is required under the EAJA "if (1) the petitioner is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Morales Lopez v. Baltazar*, 834 F. Supp. 3d 1193, 1201 (D. Colo. 2026).

The Government conferred with Petitioner's counsel to represent that it did not oppose the relief sought; it also did not respond to the Motion. (ECF No. 14 at 1.) The Government has thus waived the substantially justified issue. *Wilburn v. Mid-South Health Dev., Inc.*, 343 F.3d 1274, 1280 (10th Cir. 2003) ("An issue is waived if it was not raised below in the district court."). In this case, no one questions that Beltran Orozco is the prevailing party and no special circumstances make this award of fees unjust. The Government bears the burden of showing that its legal position was substantially justified.

*See Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). The Government declined to meet that burden here.

As such, the Court concludes that attorney's fees under EAJA are available to Beltran Orozco.

**B. Fee Amount**

Having concluded that Beltran Orozco is entitled to an award of fees under the EAJA, the Court considers the appropriate fee amount.

The EAJA permits an eligible prevailing party to recover "*reasonable* attorney fees." 28 U.S.C. § 2142(d)(2)(A) (emphasis added). "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate," also called a lodestar calculation. *Taylor v. Colvin*, 2015 WL 2375907, at *2 (D. Colo. 2015)*; see also Scherffius v. Astrue*, 296 F. App'x 616, 619 (10th Cir. 2008). The party seeking the award bears the burden of persuading the Court that the amount is reasonable. *Taylor*, 2015 WL 2375907, at *2. But the determination of attorney's fees is ultimately discretionary, especially given the district court's close understanding of the litigation and desire to avoid frequent appellate review of factual matters. *Rocky Mountain Wild v. Vilsack*, No. 09-cv-01272-WJM, 2013 WL 3233573, at *4 (D. Colo. 2013).

As noted above, Beltran Orozco requests that the Court award him $4,825.98 in attorney's fees for 18 hours of work his counsel expended litigating the Petition at a rate of $268.11 per hour. (ECF No. 13 at 5.) As a threshold matter, attorney's fees under the EAJA ordinarily "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

28 U.S.C. § 2412(d)(2)(A). But the Court need not analyze whether Beltran Orozco is entitled to a departure from the statutory cap because the Government has waived any challenge it has as to the amount of fees sought.

For these reasons, the Court finds that both the hourly rate and the number of hours expended by his counsel in prosecuting this action are reasonable. The Court will therefore award Petitioner his attorney's fees in the full amount of $4,825.98.

## III. CONCLUSION

For all the reasons set forth above, the Court ORDERS as follows:

1. Petitioner's Motion for Attorney Fees Under the Equal Access to Justice Act (ECF No. 13) is GRANTED;

2. Beltran Orozco is AWARDED attorney's fees under the EAJA in the total amount of **$4,825.98**; and

3. The Government is ORDERED to make such payment in full to Beltran Orozco by no later than **December 7, 2026**.

Dated this 5th day of November, 2026.

BY THE COURT:

William J. Martínez
Senior United States District Judge